## JUSTICE OF THE PEACE.

[Lucas (6th) Circuit Court, July 3, 1903.]

### ELWOOD B. SQUIRE. V. WHEELING & LAKE ERIE RY. Co.

1. JURISDICTION OF JUSTICES OF PEACE IN ACTIONS AGAINST RAILWAY COMPANIES.
   The jurisdiction of justices of the peace in actions against railway companies
   is defined and limited by Sec. 6478 Rev. Stat., which provides that such an
   action may be brought before a justice of the peace in the township in
   which the president of the company may reside or in any township into or
   through which the road owned or leased by such company may be located.
   Section 384 Rev. Stat., which provides that where a summons, issued by a
   justice of the peace, against a householder or freeholder resident of the
   county, is accompanied with an order to attach property, the jurisdiction
   of which is coextensive with the county, does not include railway companies.
   Hence, a justice of the peace has no jurisdiction of an action against a
   railway company whose road does not enter the township and whose president
   is not a resident therein, although the summons in the actions is accompanied
   by an order of attachment.

2. FILING MOTION NOT AN APPEARANCE.
   The filing of a motion for an interpleader after judgment does not amount to
   an appearance.

ERROR to the court of common pleas.

William J. Gill, for plaintiff in error.

C. A. Seiders, for defendant in error.

## PARKER, J.

Squire brought an action against the Wheeling & Lake Erie Railway
Company upon a claim for wages of an employe, which he said had been
assigned to him, before a justice of the peace of Washington township in
this county. Under the provisions of Sec. 584 Rev. Stat., as amended
April 19, 1898 (93 O. L. 146), he filed an affidavit that the claim was for
labor, and caused a writ of attachment to issue against the defendant rail-
road company, and proceeded to judgment in that jurisdiction, upon the
theory that he might do so by virtue of said section, although said rail-

road company had no line of railroad passing through or entering into Washington township and had no principal or other office there, and had no officer residing there.

In the case of Kelly v. Flanagan, 11 Circ. Dec. 111 (20 R. 391), we held (because we felt obliged to so hold, and not because we wanted to by any means) that a natural person might be proceeded against in that way. After judgment against the railroad company, it filed before the justice a motion for an interpleader with the necessary affidavit, setting forth that another person, to wit, the employe, claimed to be entitled to this money, but that was disregarded by the justice. It will be observed that it came a little late (after judgment) but on the same day. Thereupon the railroad company filed its petition in error in the court of common pleas to reverse said judgment, on the ground that the justice had no jurisdiction over it, and in the petition in error, which was verified, set forth the facts that I have mentioned—that its line of railroad did not enter into Washington township; that it had no officer and no office there, and the judgment was reversed by the common pleas court.

Squire prosecutes error to this court and asks that the judgment of the court of common pleas be reversed and that of the justice affirmed.

Section 6478 Rev. Stat. provides where a railroad company may be sued before a justice of the peace and how it may be served with process; and the provision as to where suit may be instituted is that it "may be brought before a justice of the peace * * * in the township in which the president of the company may reside, or in any township into or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of this state, and whether the charter thereof prescribes the place where suit must be brought against it, or the manner or place of service of process thereon;" and that is the only place where a railroad company may be sued, unless it voluntarily submits to the exercise of jurisdiction elsewhere or unless Sec. 584 Rev. Stat. is applicable to a railroad company. But Sec. 584 provides:

"No householder or freeholder resident of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except as otherwise provided by Sec. 583," and in the cases following:

Among the cases in the fourth paragraph of this section is this:

"Where the summons is accompanied with an order to attach property the jurisdiction is coextensive with the county." Except in certain counties.

Now, that transposed, would make it read so as to amount to this:

That where the summons is accompanied with an order to attach property the jurisdiction of the justice shall be coextensive with the county against a householder or a freeholder resident of the county. But it is quite apparent that a householder or a freeholder is a natural person, and that this does not apply to a railroad company, which is an artificial person. A railroad company certainly is not a householder nor a freeholder, and that is all that need to be said on this point.

It is urged that by the filing of the motion for an interpleader, the railroad company entered its appearance and cannot now question the jurisdiction of the justice; but we are of the opinion that that was not the result of the filing of this paper. If it had been any paper that might properly have been filed at that time before the justice in the case—if it had invoked any action that it would have been proper for the justice to take after judgment in the case, then we would hold otherwise; as, for instance, where a person within the statutory period gives notice of an appeal, or enters into bond for the stay of execution, he cannot thereafter question the jurisdiction of the magistrate. We think such action as was taken here after judgment does not amount to an appearance.

We are of opinion that the judgment of the court of common pleas was right, and it will be affirmed.